IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| THE NOCO COMPANY ) <br> 30339 DIAMOND PARKWAY, #102 ) <br> GLENWILLOW OH 44139 )     CASE NO: <br>              Plaintiff, ) <br>   vs. )     JUDGE: <br> ) <br> ) <br> ONYX ENTERPRISES INT'L, CORP. ) <br> D/B/A CARiD.COM ) <br> 1 CORPORATE DRIVE ) <br> CRANBURY, NJ 08512 ) <br> ) <br>           On2 Defendant. ) <br> ) <br> ) <br> ) | |

**COMPLAINT**
**(JURY DEMAND ENDORSED HEREIN)**

---

Plaintiff The NOCO Company ("*Plaintiff*") by and through counsel, and for its Complaint against defendant Onyx Enterprises Int'l, Corp., d/b/a CARiD.Com ("*Defendant*"), states as follows:

### INTRODUCTION

1. Defendant is engaged in the unauthorized sale of products distributed by Plaintiff. These unauthorized sales are illegal and have harmed and will continue to harm Plaintiff.

### PARTIES

2. Plaintiff is a wholesaler and retailer of battery chargers, portable power devices, and related battery products and accessories (collectively, the "*Products*").

3. Defendant sells the Products on its website without the authority or consent of Plaintiff.

## JURISDICTION/VENUE

4. This Court has jurisdiction pursuant to 28 U.S.C. § 1338.

5. Pursuant to Ohio Revised Code Section 2307.382, this court has personal jurisdiction over Defendant because defendant has caused tortious injury in the state of Ohio.

6. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

## BACKGROUND

### *Plaintiff's Business*

7. Plaintiff sells the Products on its website (https://no.co/), to wholesalers and authorized resellers (together, "***Resellers***"), and through online stores such as Amazon.

8. When Plaintiff sells to Resellers it enters into contracts with such sellers ("***Reseller Agreements***").

9. Resellers may only sell the Products pursuant to a Reseller Agreement or some other arrangement with Plaintiff.

10. Plaintiff uses Reseller Agreements in order to promote fair competition between Resellers and to protect its brand, its goodwill and its valuable intellectual property, including its copyrights and the registered trademarks NOCO® and NOCO GENIUS® (the "***Trademarks***").

11. The Reseller Agreements limit Resellers' use of the Trademarks to limit brand dilution and confusion as to the origin of the Products. An example of such an agreement is attached as Exhibit A.

12. The Reseller Agreements only permit sales of the Products to retail consumers and expressly prohibit bulk sales or sales to wholesalers. *See* Exh. A.

13. The Reseller Agreements also clarify that any warranties associated with the Products are only valid when sold by Resellers.

### *Defendant begins selling the Products without Authorization*

14. At least since the beginning of 2017, Plaintiff has been aware that Defendant was selling the Products without authorization and without Plaintiff's consent.

15. Defendant sells the Products on its website, www.carid.com. Evidence of these sales are attached as Exhibit B.

16. Upon information and belief, Defendant purchases the Products from Resellers.

17. Upon information and belief, the Resellers from which Defendant purchases the Products have Reseller Agreements with Plaintiff.

18. Upon information and belief, Defendant induces Resellers to sell the Products to Defendant in bulk for the purpose of resale.

### *Plaintiff Demands Defendant Cease Selling the Products*

19. On November 20, 2017, undersigned counsel sent a letter informing Defendant that it was selling the Products without authorization and that such sales violated Plaintiff's rights in its copyrights and the Trademarks (the "***November 20 Letter***"). The November 20 Letter is attached as Exhibit C.

20. The November 20 Letter also put Defendant on notice that its bulk purchase of the Products for resale constitutes tortious interference, as Defendant is inducing Resellers to breach their Reseller Agreements.

21. The November 20 Letter requested that Defendant cease such conduct by December 4, 2017.

22. Defendant failed to cease selling the Products as of such date.

23. As of the date of this filing, Defendant has failed to cease selling the Products and continues to violate Plaintiff's rights.

### Count One
### Declaratory Judgement/Injunctive Relief

24. Plaintiff hereby incorporates each and every preceding paragraph as if fully restated herein.

25. An actual and justiciable controversy exists between Plaintiff and Defendant related to whether Defendant has the right to sell the Products without Plaintiff's consent and in violation of Plaintiff's rights in the Trademarks.

26. The Court, pursuant to R.C. §2721.03 and Civ. R. 57, should declare that Defendant has no right or authorization to sell the Products or use the Trademarks, as these actions have harmed and continue to harm Plaintiff in an amount to be determined at trial.

27. Such a declaration is proper, pursuant to R.C. 2721.03 and 2721.06, because it would "terminate the controversy between the parties" and "remove an uncertainty" with respect to this issue.

28. Additionally, the Court should enjoin Defendant from any further sales of the Products.

### Count Two
### Unfair Competition

29. Plaintiff hereby incorporates each and every preceding paragraph as if fully restated herein.

30. Defendant's actions, including, but not limited to, its unauthorized sale of the Products, its unauthorized use of the Trademarks, and its unauthorized use of Plaintiff's copyrights constitute unfair competition.

31. Defendant's actions have damaged Plaintiff in the form of, *inter alia*, lost sales, interference with prospective business relationships, trademark infringement and trademark dilution.

32. As a direct and proximate cause of Defendant's conduct, Plaintiff has suffered and will continue to suffer damages in an amount to be proven at trial.

### Count Three
### Tortious Interference with Contract

33. Plaintiff hereby incorporates each and every preceding paragraph as if fully restated herein.

34. The Reseller Agreements are valid binding contracts between Plaintiff and each Reseller.

35. At least since the receipt of the November 20 Letter, Defendant was aware of these contracts and the prohibition against bulk sales to unauthorized resellers.

36. Despite this knowledge, Defendant induced such Reseller to sell the Products to Defendant in breach of the Reseller Agreement.

37. Defendant improperly interfered with Plaintiff's contractual relationships with its Resellers.

38. As a direct and proximate cause of Defendant's interference, Plaintiff has suffered and will continue to suffer damages in an amount to be proven at trial.

## Count Four
### Trademark Infringement (15 U.S.C. § 1114)

39. Plaintiff hereby incorporates each and every preceding paragraph as if fully restated herein.

40. Plaintiff is the owner of the Trademarks (i.e. NOCO® and NOCO GENIUS®).

41. Defendant uses the Trademarks in connection with its sale of the Products without Plaintiff's authorization or consent.

42. Defendant's use of the Trademarks is likely to cause confusion among consumers as to the source and origin of the Products.

43. Defendant was informed in the November 20 Letter that its sales of the Products infringed on Plaintiff's rights in the Trademarks.

44. Defendant's continued use of the Trademarks constitutes trademark infringement pursuant to 15 U.S.C. § 1114.

45. As a result, Plaintiff has suffered damages and will continue to suffer damages in an amount to be proven at trial.

## Count Five
### Trademark Dilution (15 U.S.C. § 1125)

46. Plaintiff hereby incorporates each and every preceding paragraph as if fully restated herein.

47. The Trademarks are well known and distinctive within the battery and chargeable battery industry.

48. Defendant's use of the Trademarks is causing the dilution of the Trademarks by tarnishing the reputation and goodwill associated with the Trademarks in violation of 15 U.S.C. § 1125(c).

49. As a result, Plaintiff has suffered damage and will continue to suffer damages in an amount to be proven at trial.

## Count Six
## Ohio Deceptive Trade Practices (O.R.C. § 4165.02)

50. Plaintiff hereby incorporates each and every preceding paragraph as if fully restated herein.

51. Defendant's unauthorized use of the Trademarks is likely to cause confusion as to the source of the Products in violation of O.R.C. § 4165.02((A)(2).

52. Defendants unauthorized use of the Trademarks creates the misperception that Defendant and Plaintiff are affiliated, which violates O.R.C. § 4165.02((A)(3).

53. As a result, Plaintiff has suffered damages and will continue to suffer damages in an amount to be proven at trial.

**WHEREFORE,** Plaintiff prays for judgment as follows:

    A. As to Count One, a declaratory judgment stating that Defendant is unauthorized to sell the Products and permanently enjoin Defendant from any further sales of the Products;

    B. As to Count Two, award compensatory damages in an amount to be determined at trial, but in excess of $25,000, as well as attorney fees and costs and permanently enjoin Defendant from any further sales of the Products;

    C. As to Count Three, award compensatory damages in an amount to be determined at trial, but in excess of $25,000, as well as attorney fees and costs and permanently enjoin Defendant from any further sales of the Products;

    D. As to Count Four, award compensatory damages in an amount to be determined at trial, but in excess of $25,000, as well as attorney fees and costs, and permanently enjoin Defendant from using the Trademarks;

    E. As to count Five, award compensatory damages in an amount to be determined at trial, but in excess of $25,000, as well as attorney fees and costs, and permanently enjoin Defendant from using the Trademarks; and

F. As to count Six, award compensatory damages in an amount to be determined at trial, but in excess of $25,000, as well as attorney fees and costs, and permanently enjoin Defendant from using the Trademarks.

Respectfully submitted,

**KOHRMAN JACKSON & KRANTZ LLP**

*/s/ Jon J. Pinney*
JON J. PINNEY (0072761)
SEAN P. MALONE (0076353)
DAVID R. POSTERARO (0024661)
One Cleveland Center, 29th Floor
1375 East Ninth Street
Cleveland, Ohio 44114
Phone: 216-696-8700
Fax: 216-621-6536
Email: jjp@kjk.com; spm@kjk.com; drp@kjk.com

*Counsel for Plaintiff*

## JURY DEMAND

Plaintiff respectfully demands a trial by jury pursuant to Fed. R. Civ. 38.

*/s/ Jon J. Pinney*
JON J. PINNEY